**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN ALAN CALL | ) | CASE NO. 1:17 CV 2045 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SHANE LEATHOLD, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Jonathan Alan Call filed this civil rights action against Crawford County Municipal Court Judge Shane Leathold, Crawford County Jail Administrator Kent Rachel, Crawford County Sheriff Scott Kent, Bucyrus City Prosecutor Rob Radcliff, and Crawford County Municipal Court Bailiff Tony Stover. In the Complaint, Plaintiff challenges aspects of his conviction for a probation violation and the conditions in the Crawford County Jail. He seeks injunctive and monetary relief.

**I.     Background**

Plaintiff's Complaint can be divided into parts. The first part contains challenges to his criminal proceedings in the Crawford County Municipal Court pertaining to a probation violation. The second part contains complaints about the general conditions of confinement in the Crawford County Jail.

With respect to his criminal proceedings, he contends jail personnel tricked him into waiving his Miranda rights and his speedy trial rights. He states the Judge asked incriminating question at his arraignment by asking him how he pled to the probation violation charges. He contends the Judge set a cash bond instead of a recognizance bond and sentenced him to the maximum term allowed by law. He thinks his sentence for a probation violation was excessive and violated the Eighth Amendment.

Plaintiff also complains in general terms about the conditions of confinement in the jail. He indicates the law library is inadequate. He alleges the grievance system is ineffective and lacks a proper appeals process. He alleges jail personnel do not regularly clean the vents. He contends the jail roof leaks, allowing mold and asphalt to seep into cells. He states the jail is overcrowded, and inmates charged with felonies are sometimes housed in areas where inmates charged with misdemeanors are housed. Finally, he alleges that the jail does not have a sterile environment for detainees who use Continuous Positive Airway Pressure ("CPAP") machines. He claims these detainees are housed in two-man holding cells with the toilet just feet from the CPAP machine.

Plaintiff requests that this Court monitor the Crawford County Municipal Court arraignments and review probation procedures, order the jail to correct the conditions described above, and award him monetary damages.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III.    Analysis**

As an initial matter, Plaintiff cannot challenge his conviction or sentence in a civil rights action. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that

relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Therefore, when a person convicted of a crime seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the claim must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines the Plaintiff's claim, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against him, the action should be allowed to proceed, in the absence of some other bar to the suit.

In this case, Plaintiff claims he was denied speedy trial and Miranda rights. He also contends the Judge asked incriminating questions at his arraignment in terms of whether he was guilty or not guilty, and gave him an excessive sentence. If these claims are found to have merit, they would call into question Plaintiff's conviction on the probation violation and his sentence. He therefore cannot assert them in a civil rights action unless his conviction or sentence has been set aside. He does not allege that either of these events has occurred. The claims regarding the criminal proceedings cannot proceed.

Furthermore, even if the claims asserted against Judge Leathold were not barred by *Heck*, they could not proceed. Judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the

conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will not be deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. The claims against Judge Leathold pertain to conduct allegedly taken while performing his duties as a judge. Probation violations on misdemeanor cases are within the subject matter jurisdiction of the municipal court. Consequently, Judge Leathold is absolutely immune from suit.

Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a Defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the state's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).

Here, Plaintiff does not include specific claims against Radcliff. It appears Plaintiff included him as a Defendant solely because he presented the state's case in the probation violation hearing. Radcliff is also immune from damages for these actions.

Plaintiff also fails to state a claim for relief pertaining to the conditions of confinement at the Crawford County Jail. First, he alleges the law library is not adequately stocked, and the grievance is inadequate. There is no constitutional right to access to a law library, *Lewis v. Casey*, 518 U.S. 343, 350 (1996), or to a grievance procedure, *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Michigan Dept. of Corrections*, No. 04–1347, 2005 WL 742743, at *3 (6th Cir. Apr. 1, 2005).

The First Amendment guarantees the right of access to the courts, not necessarily access to a law library or a grievance procedure. *See* Hewitt, 459 U.S. at 467. To state a claim for denial of access to the courts, Plaintiff must allege that particular actions of the Defendants prevented him from pursuing, or caused the rejection of, a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Id*. The right of access to the courts is directly related to an underlying claim, without which a Plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). In other words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous and that it was frustrated or impeded by Defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint...." *Christopher*, 536 U.S. at 415.

In this case, Plaintiff has not alleged that he has suffered an actual injury as a result of the lack of a law library. Thus, Plaintiff fails to state a claim for denial of access to the courts.

The other claims pertaining to the general conditions in the jail arise, if at all, under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement that constitute health threats, but does not address those conditions that cause the prisoner to feel uncomfortable or that cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of

prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has not described conditions that rise to the level of an Eighth Amendment violation. He contends that the vents have not been properly cleaned, allowing skin cells and dust to circulate throughout the prison. He states that there is water leaking into some cells, although he does not state that he was placed in one of these cells. He contends there is not a sterile environment for CPAP users to sleep. Inmates using CPAP machines must share a holding cell with one other inmate. Holding cells are equipped with a toilet in the cell, in close proximity to sleeping areas. An odorous cell without amenities does not constitute the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *See Knop v. Johnson,* 977 F.2d 996, 1012-19 (6th Cir.1992); *see also Chandler v. Chapleau*, No. 95-6615, 1996 WL 577603 at *1 (6th Cir. Oct. 7, 1996). The conditions Plaintiff describes are undoubtedly uncomfortable; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347. He does not allege with any specificity that he was denied essential food, basic sanitation, or safe temperatures.

## IV.     Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Date: February 27, 2018            */s/ John R. Adams*
                                                    JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.